JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone: (415) 315-1669
Facsimile: (415) 433-5994
E-mail: jeff@skaggsfaucette.com

Attorneys for Plaintiff LTTB LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LTTB LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TEESPRING, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:17-cv-7334<br><br>**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, AND CONTRIBUTORY TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LTTB LLC ("LTTB") by and for its complaint against Defendant Teespring, Inc. ("Teespring") alleges as follows:

INTRODUCTION

1. LTTB founder Elektra Printz Gorski ("Gorski") is an artist, entrepreneur, and designer who has been designing, manufacturing, and selling apparel and other goods under the LETTUCE TURNIP THE BEET trademark and various copyrighted designs since 2011. LTTB's products and trademark have tremendous popularity on Etsy, Pinterest, Instagram, Tumblr, Facebook and other social media and ecommerce websites. LTTB owns multiple United States Federal Trademark Registrations for the mark LETTUCE TURNIP THE BEET. LTTB and its founder and predecessor in interest have been the exclusive authorized seller of goods bearing the LETTUCE TURNIP THE BEET mark since 2011.

2. Teespring is an online platform for custom merchandise and apparel which allows users to create campaigns to sell custom printed goods on the Teespring website. After the user selects or creates the design, Teespring handles the entire production and distribution of the orders for the goods.

3. Since 2014, LTTB's founder and predecessor in interest Gorski, as well as her counsel, have sent multiple cease and desist communications to Teespring demanding that it remove from its website goods for sale which infringe the LETTUCE TURNIP THE BEET mark. Teespring has represented to LTTB that it has added the LETTUCE TURNIP THE BEET mark to an "internal filter" to prevent infringing campaigns. Despite this claim, Teespring continues to market, manufacture and distribute multiple infringing goods. Thus, Teespring's production and sales of apparel and goods bearing counterfeit uses of the LETTUCE TURNIP THE BEET mark is intentional and is causing irreparable harm to LTTB.

NATURE OF THE CASE

4. This is an action for (a) trademark counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1); (b) infringement of a registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. section 1114; and (c) unfair competition

in violation of Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

THE PARTIES

5. Plaintiff LTTB is a limited liability company organized under the laws of the state of California with its address at 237 Kearny Street #9040, San Francisco, California.

6. Upon information and belief, Defendant Teespring is a corporation organized under the laws of the state of Delaware with its principal place of business at 460 Bryant Street, San Francisco, California.

JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. section 1121 and 28 U.S.C. sections 1331 and 1338. Venue is proper within this district under the provisions of 28 U.S.C. section 1391 because Teespring has its principal place of business in this judicial district.

8. Personal jurisdiction over Teespring is proper in this district because has its principal place of business in this district and has committed infringing acts in this district.

INTRA-DISTRICT ASSIGNMENT

9. This action is an intellectual property action within the meaning of Local Rule 3-2(c) and therefore is not subject to intra-district venue provisions.

LTTB'S TRADEMARK RIGHTS

10. Gorski, the LTTB founder and predecessor in interest, graduated from the Fashion Institute of Technology ("FIT") in New York in 2007, winning the famed Critic's Award as one of the most promising designers in her class. She has taken advanced silkscreen classes at FIT and the School of Visual Arts (SVA) from 2006 to 2013. She is a designer and artist who is widely considered a master printer among her industry peers who have printed for Andy Warhol and Robert Rauschenberg and is now a Critic for FIT. Gorski is also a former Peace Corps business volunteer to rural West Africa prior to winning a Rotary World Peace Fellowship to complete her graduate degree in Japan under the Rotary Foundation. In 2011, she created the LETTUCE TURNIP THE BEET mark and her first apparel and product designs using the mark as both a

source identifier and as a graphic design element.

11. The LETTUCE TURNIP THE BEET mark is the subject of four trademark registrations issued by the United States Patent and Trademark Office (the "USPTO").

12. On March 5, 2013, the USPTO issued Registration Number 4,297,108 for the mark LETTUCE TURNIP THE BEET for the following goods and services: "Paper for wrapping and packaging"; "tote bags"; and "Wearable garments and clothing, namely, shirts." LTTB is the owner of Registration No. 4,297,108. A true and correct copy of a printout from the USPTO online database reflecting this registration is attached as Exhibit A.

13. On December 24, 2013, the USPTO issued Registration Number 4,454,801 for the mark LETTUCE TURNIP THE BEET for the following goods and services: "On-line retail store services featuring clothing, accessories and art." LTTB is the owner of Registration No. 4,454,801. A true and correct copy of a printout from the USPTO online database reflecting this registration is attached as Exhibit B.

14. On October 18, 2016, the USPTO issued Registration Number 5,064,226 for the word mark LETTUCE TURNIP THE BEET and the stylized text

LETTUCE
TURNIP
THE BEET

for the following goods and services: "Tote bags"; and "Aprons; Headwear; Infant wear; Shirts for infants, babies, toddlers and children; Wearable garments and clothing, namely, shirts." LTTB is the owner of Registration No. 5,064,226. A true and correct copy of a printout from the USPTO online database reflecting this registration is attached as Exhibit C.

15. On October 18, 2016, the USPTO issued Registration Number 5,064,227 for the

word mark LETTUCE TURNIP THE BEET and the stylized text




for the following goods and services: "Tote bags"; and "Aprons; Headwear; Infant wear; Shirts for infants, babies, toddlers and children; Wearable garments and clothing, namely, shirts." LTTB is the owner of Registration No. 5,064,227. A true and correct copy of a printout from the USPTO online database reflecting this registration is attached as Exhibit D.

16. The marks reflected in these four registrations are referred to herein collectively as the "LETTUCE TURNIP THE BEET Mark."

17. LTTB's goods and services sold under the LETTUCE TURNIP THE BEET Mark have been offered in commerce since 2011, and these goods and services are well and favorably known by the purchasing public, including many top celebrities.

18. When used together, the individual words of the LETTUCE TURNIP THE BEET Mark are arbitrary and fanciful, and entitled to the highest level of protection.

19. LTTB has expended substantial time, effort and money in developing a brand image based on the LETTUCE TURNIP THE BEET Mark. As a result, LTTB has received overwhelming praise for and attention to the goods and services offered under the LETTUCE TURNIP THE BEET Mark.

20. In or about August 2011, LTTB predecessor in interest Gorski began to sell merchandise bearing the LETTUCE TURNIP THE BEET Mark on the following ecommerce websites: Etsy.com ("Etsy") and Supermarkethq.com ("Supermarket"). The LETTUCE TURNIP THE BEET Mark on a shirt, tote bag, paper goods and the main website is seen below:




21. LTTB markets itself as "Especially popular with vegetarians, vegans, CSA members, Ag students, farmers, chefs, dietitians, juicing fanatics, graphic designers, advertising directors, animators, musical theatre folks, music industry execs, teachers, DJs, dancers, choreographers, yoga enthusiasts, musicians, musical festival attendees, gamers, geeks, hipsters, academics, and beet lovers!"

22. Indeed, the LETTUCE TURNIP THE BEET Mark has been popular in the food, music and art industries. For example, on August 26, 2012, well-known singer-songwriter Jason Mraz wore a t-shirt bearing the LETTUCE TURNIP THE BEET Mark at a concert. A true and accurate screenshot of Jason Mraz wearing the LETTUCE TURNIP THE BEET Mark is depicted below:




23. Similarly, as seen on Madonna's Facebook page, Rich Talauega, choreographer to Madonna and Chris Brown, wears a tank-top bearing the LETTUCE TURNIP THE BEET Mark at a rehearsal for the 2012 Super Bowl half-time show. A true and accurate screenshot of Rich Talauega wearing the LTTB Brand is depicted below:



24. In or about February 2013, *Pregnancy and Newborn* magazine featured LTTB's baby organic bodysuit bearing the LETTUCE TURNIP THE BEET Mark in its magazine as a recommended product.

25. In August 2013, Madison Hildebrand wore a t-shirt bearing the LETTUCE TURNIP THE BEET Mark on *Million Dollar Listing Los Angeles*, a television series on Bravo. A true and accurate screenshot of Madison Hildebrand wearing the LETTUCE TURNIP THE BEET Mark is depicted below:




26. In December 2013, LTTB's LETTUCE TURNIP THE BEET-branded products were featured as a top product in the 2013 Pinterest Holiday Gift Guide on Pinterest.com.

27. In June 2015, *DJ Mag* featured LTTB's shirts bearing the LETTUCE TURNIP THE BEET Mark in its magazine as a recommended product.

28. In July 2015, Carol Radziwill wore a tank top prominently bearing the LETTUCE TURNIP THE BEET Mark on the *Real Housewives of New York (RHONY)*, a television series on Bravo. A true and accurate screen shot of Carol Radziwill wearing the LETTUCE TURNIP THE BEET Mark is depicted below:







29. As a result of LTTB's efforts, the LETTUCE TURNIP THE BEET Mark has become a social media sensation across the United States and the LETTUCE TURNIP THE BEET Mark has acquired secondary meaning.

30. To date, LTTB has expended tens of thousands of dollars in promoting, advertising and marketing the goods and services offered under the LETTUCE TURNIP THE BEET Mark.

31. Currently, LTTB has more than 14,000 admirers and has sold more than 30,000 items on Etsy. LTTB's customers have given its goods and services a five-star rating, the highest rating available on the Etsy website.

32. LTTB has gone to great lengths to protect and enforce the LETTUCE TURNIP THE BEET Mark.

33. Since 2011, LTTB provided notice that the LETTUCE TURNIP THE BEET design, photos, and text in the online store are copyright protected by using the © or by providing written notification. Between 2012 and 2013, LTTB provided notice that the LETTUCE TURNIP THE BEET Mark was a trademark use by displaying LETTUCE TURNIP THE BEET ™ in each online product listing, and/or by providing other written notice that the LETTUCE TURNIP THE

BEET Mark is trademark and copyright protected. Since 2013, LTTB has provided notice that the LETTUCE TURNIP THE BEET Mark is federally-registered by displaying the letter R enclosed within a circle, thus ®, and/or by providing other written notice that the LETTUCE TURNIP THE BEET Mark is federally-registered. In addition, Teespring had actual notice that the LETTUCE TURNIP THE BEET Mark is federally-registered as a result of the multiple cease and desist communications sent to Teespring.

TEESPRING'S INFRINGING ACTIVITIES

34. Teespring is in the business of printing and selling custom merchandise and apparel, primarily t-shirts, with thousands of user-generated designs. Teespring provides its customers with online tools that allow the customers to create and upload designs and then start a campaign to sell the goods on Teespring's website. Teespring then manufactures the goods and distributes it to end customers.

35. On information and belief, when users create a campaign through Teespring, they are given a "base price" from Teespring for each product, since Teespring does the custom printing and shipping of the orders for the goods. Users have the opportunity to set the sale price for each product in their campaign, and they earn the difference between the base price and their sale price for each product sold (less any returns). Teespring collects the base price for itself and is therefore guaranteed to receive compensation for each transaction regardless of what flexible sale price the user sets.

36. On information and belief, Teespring employs no technology or method to prevent a customer from uploading or creating a product design that infringes on the intellectual property rights of third-parties before the campaign is launched and the product is available for sale on Teespring's website.

37. The only step Teespring takes to prevent infringement is an "IP Claim" form available on its website. While Teespring has eventually responded to some of LTTB's IP Claims submitted to Teespring, on information and belief, Teespring does not bar repeat infringers from creating campaigns and selling infringing products on the Teespring website. Further, on



information and belief, Teespring has no policy or process in place to pre-screen potential new product designs for infringement of registered trademarks, or to allow trademark owners to block infringing product designs before campaigns are launched.

38. Since 2014, LTTB's founder and predecessor in interest, Gorski, has sent more than a dozen demand letters making IP Claims to Teespring. Despite this, Teespring continues to fail to monitor its website and continues to sell and distribute goods that infringe the LETTUCE TURNIP THE BEET Mark.

39. Attached as Exhibit E are seventeen examples of infringing goods manufactured and sold by Teespring. Attached as Exhibit F are images of the infringing goods available on Teespring's website as of December 27, 2017.

40. Teespring's unauthorized use of the LETTUCE TURNIP THE BEET Mark and its blatant disregard for LTTB's intellectual property rights demonstrate that Teespring's infringement of the LETTUCE TURNIP THE BEET Mark is willful.

41. Teespring's actions have caused and/or are likely to cause confusion, mistake, or deception among the consuming public as to the source, origin or sponsor of the goods offered for sale on Teespring's website, and are likely to create the false belief that sales of such goods on Teespring's website are authorized by LTTB. As a result, Teespring's actions are causing, and unless enjoined, will continue to cause irreparable and substantial injury to the goodwill that LTTB has developed in its LETTUCE TURNIP THE BEET Mark and brand.

42. Teespring has been unjustly enriched by selling goods bearing counterfeit copies of the LETTUCE TURNIP THE BEET Mark and its direct and vicarious infringement of the LETTUCE TURNIP THE BEET Mark.

FIRST CLAIM FOR RELIEF

(Trademark Counterfeiting)

(15 U.S.C. § 1114)

43. The allegations of paragraphs 1 through 42 are incorporated herein by reference.

44. Teespring, without authorization from LTTB, has manufactured, distributed and



sold goods that display counterfeits or colorable imitations of LTTB's federally-registered LETTUCE TURNIP THE BEET Mark on goods covered by LTTB's federal registrations for the LETTUCE TURNIP THE BEET Mark

45. Teespring's actions are intended to cause, have caused and are likely to continue to cause confusion, mistake and deception among customers and potential customers as to whether Teespring's counterfeit goods originate from or are affiliated with, sponsored by, licensed by, or endorsed by LTTB.

46. Teespring has acted with actual knowledge of LTTB's federally-registered trademarks and trademark rights and with a deliberate, willful intention to trade upon the customer goodwill created and enjoyed by LTTB.

47. Teespring's actions constitute trademark counterfeiting in violation of 15 U.S.C. section 1114.

48. The goodwill of LTTB'S LETTUCE TURNIP THE BEET Mark is of enormous value to LTTB, and LTTB is suffering and will continue to suffer irreparable harm should Teespring's unauthorized manufacturing, distribution and sales of counterfeit goods continue.

49. Teespring's use of the LETTUCE TURNIP THE BEET Mark on counterfeit goods has continued and will continue unless enjoined by this Court.

50. Teespring is liable to LTTB for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. section 1117(c), or, at LTTB's election, an amount representing three times LTTB's damages and/or Teespring's illicit profits (in an amount to be proven at trial); and (b) reasonable attorneys' fees, investigative fees and prejudgment interest pursuant to 15 U.S.C. section 1117(b).

51. LTTB is also entitled to preliminary and permanent injunctive relief against Teespring.

<u>SECOND CLAIM FOR RELIEF</u>

(Trademark Infringement)

(15 U.S.C. § 1114)



52. The allegations of paragraphs 1 through 42 are incorporated herein by reference.

53. LTTB's LETTUCE TURNIP THE BEET Mark is protected by four valid and subsisting United States Trademark Registrations.

54. LTTB's registered LETTUCE TURNIP THE BEET Mark has acquired secondary meaning. Purchasers associate the LETTUCE TURNIP THE BEET Mark only with LTTB's apparel, merchandise, and online storefront. This is a result of extensive advertising, social media interest and sales throughout the United States of goods and services bearing the LETTUCE TURNIP THE BEET Mark.

55. Teespring, by using the LETTUCE TURNIP THE BEET Mark in connection with the advertisement, distribution and sale of apparel, merchandise, and its online storefront, have used and intend to continue to use, in commerce an imitation of the LETTUCE TURNIP THE BEET Mark in connection with the advertisement, distribution and sale of apparel, merchandise, and an online storefront in a manner that is likely to cause confusion, mistake or deception.

56. By committing the acts alleged herein, Teespring has intentionally, knowingly and willfully infringed the registered LETTUCE TURNIP THE BEET Mark, and Teespring continues to do so.

57. Because of Teespring's infringement, LTTB has been irreparably harmed. LTTB will continue to suffer irreparable harm unless Teespring is preliminarily and permanently restrained from infringing the LETTUCE TURNIP THE BEET Mark.

58. LTTB is entitled to recover all profits heretofore realized by Teespring during its infringement of the LETTUCE TURNIP THE BEET Mark, as well as LTTB's costs in this action pursuant to 15 U.S.C. section 1117(a).

59. Teespring's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, LTTB is entitled to recover three times the amount of Teespring's profits plus LTTB's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117(b).

<u>THIRD CLAIM FOR RELIEF</u>

(Unfair Competition and False Designation of Origin)

(15 U.S.C. § 1125(a))

60. The allegations of paragraphs 1 through 42 are incorporated herein by reference.

61. LTTB, for many years and long prior to the acts of Teespring herein complained of, has marketed its goods and online storefront under the LETTUCE TURNIP THE BEET Mark.

62. Teespring has copied LTTB's LETTUCE TURNIP THE BEET Mark. As a result, Teespring's marketing and sale of apparel and merchandise, and/or its online storefront under the LETTUCE TURNIP THE BEET Mark is likely to deceive and cause confusion to the purchasing public and to induce them to believe that Teespring or its goods or services are in some manner related to, approved by or sponsored by LTTB; alternatively, Teespring's marketing and sale of apparel and merchandise, and/or its online storefront under the LETTUCE TURNIP THE BEET Mark is likely to deceive and cause confusion to the purchasing public and to induce them to believe that LTTB's goods or services are in some manner related to, approved by or sponsored by Teespring. Teespring has intentionally engaged in conduct that constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection or affiliation between LTTB's goods and services and Teespring's goods and services in violation of 15 U.S.C. section 1125(a). LTTB believes that customers are likely to be confused by Teespring's use of such false designations of origin, and false descriptions or representations regarding LTTB's goods and Teespring's goods.

63. By committing the acts alleged herein, Teespring has intentionally, knowingly and willfully infringed the LTTB's mark, and Teespring continues to do so.

64. Because of Teespring's infringement, LTTB has been irreparably harmed. LTTB will continue to suffer irreparable harm unless Teespring is preliminarily and permanently restrained from infringing the LETTUCE TURNIP THE BEET Mark.

65. LTTB is entitled to recover all profits heretofore realized by Teespring during its infringement of the LETTUCE TURNIP THE BEET Mark, as well as LTTB's costs in this action

pursuant to 15 U.S.C. section 1117(a).

66. Teespring's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, LTTB is entitled to recover three times the amount of Teespring's profits plus LTTB's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117(b).

## FOURTH CLAIM FOR RELIEF

(Contributory Trademark Infringement)

(15 U.S.C. §§ 1114 & 1125(a))

67. The allegations of paragraphs 1 through 42 are incorporated herein by reference.

68. Teespring manufactures, distributes, advertises, and sells infringing and counterfeit goods created by unnamed third parties.

69. In view of the numerous notices provided to Teespring by LTTB, Teespring knows that its customers are creating infringing and counterfeit goods which Teespring is manufacturing, distributing, advertising, and selling.

70. Teespring is liable for contributory trademark infringement through its actions manufacturing, distributing, advertising, and selling products that it knows bear infringing and counterfeit goods, and through its refusal to deny access to its website to such serial infringers and counterfeiters despite repeated notice.

## PRAYER FOR RELIEF

WHEREFORE, LTTB prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1. That Teespring be adjudged to have manufactured, distributed, advertised, and sold goods infringing the registered LETTUCE TURNIP THE BEET Mark, in violation of federal law;

2. That all goods, documents, advertising, packaging and any other materials infringing the LETTUCE TURNIP THE BEET Mark in the possession, custody or control of Teespring be seized;

3. That Teespring be adjudged to have willfully and deliberately infringed the registered LETTUCE TURNIP THE BEET Mark, in violation of federal law;

4. That Teespring be adjudged to have competed unfairly with LTTB by its infringing use of the LETTUCE TURNIP THE BEET Mark, in violation of federal law;

5. That Teespring and its officers, agents, owners, employees, confederates, attorneys and any persons in active concert or participation with them be temporarily, preliminarily and permanently enjoined and restrained from:

a) Using the LETTUCE TURNIP THE BEET Mark, or any other confusingly similar mark including, without limitation, LETTUCE TURNIP THE BEET, and/or any reproduction, copy or colorable imitation of said mark, in connection with the advertising, manufacturing, offering for sale, distribution or sale of apparel or any other goods or services that are not authorized by LTTB;

b) Using the LETTUCE TURNIP THE BEET Mark or any other confusingly similar mark including, without limitation, LETTUCE TURNIP THE BEET, and/or any other mark including any reproduction, copy or colorable imitation of said mark on goods or in its online storefront in any manner likely to cause others to believe that any of Teespring's goods or services are made by, distributed by, associated or connected with LTTB's goods or services;

c) Committing any other acts calculated to cause actual or potential purchasers to be confused regarding the source or sponsor of Teespring's and/or LTTB's goods and/or services; and

d) Assisting, aiding or abetting any supplier, distributor or any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through d;

6. That Teespring be ordered to deliver to LTTB all materials that infringe LTTB's LETTUCE TURNIP THE BEET Mark;

7. That Teespring be ordered to advise LTTB of the identity of all customers,

suppliers, distributors and manufacturers of Teespring's goods that infringe LTTB's LETTUCE TURNIP THE BEET Mark;

8. That Teespring be ordered to advise all customers, suppliers, distributors and manufacturers that Teespring's goods or services infringing the LETTUCE TURNIP THE BEET Mark were not manufactured, licensed, authorized or distributed by LTTB, and that any such goods sold or distributed by Teespring may be returned to Teespring in any condition for a full refund, and that Teespring shall make such refund and maintain all records relating to such recall notices and refunds;

9. That Teespring be required to pay to LTTB such damages LTTB has sustained as a consequence of its counterfeiting and infringement of the LETTUCE TURNIP THE BEET Mark and to account for all gains, profits and advantages derived by Teespring from the sale of its infringing merchandise bearing the LETTUCE TURNIP THE BEET Mark, and that the award to LTTB be trebled as provided for under 15 U.S.C. section 1117; alternatively, that LTTB be awarded statutory damages pursuant to 15 U.S.C. section 1117(c) of up to $2,000,000 for each trademark that Teespring has willfully counterfeited and infringed;

10. For an award of three times the amount of Teespring's profits and LTTB's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117(b);

11. For an award of compensatory damages;

12. For an award of punitive damages;

13. For an award of costs; and

14. For all other relief the Court deems just and proper.

Dated: December 27, 2017

SKAGGS FAUCETTE LLP

By: ___*/s/*___
Jeffrey E. Faucette
Attorneys for Plaintiff LTTB LLC

JURY TRIAL DEMANDED

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues properly triable of right by a jury.

Dated: December 27, 2017

SKAGGS FAUCETTE LLP

By: _______________/s/_______________
Jeffrey E. Faucette
Attorneys for Plaintiff LTTB LLC

