RACHEL WALSH (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

Attorney for Defendant *Teespring, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LTTB, LLC, | Case No. 5:17-cv-7334 |
| Plaintiff, | **DEFENDANT'S ANSWER** |
| v. | |
| TEESPRING, INC., | |
| Defendant. | |

ACTIVE/94376375.4

CASE NO. 5:17-CV-7334

Defendant Teespring, Inc. ("Teespring"), by and through its undersigned counsel, answers the Complaint filed by Plaintiff LTTB, LLC ("LTTB" or "Plaintiff") as follows.  Teespring denies each and every allegation in Plaintiff's claims that is not specifically admitted herein.

## **BACKGROUND**

1. Teespring is without knowledge or information sufficient to admit or deny the allegations in paragraph 2, and on that basis, denies the allegations.

2. Teespring admits that it provides a platform for "custom merchandise and apparel which allows users to create campaigns to sell custom printed goods on Teespring's website." Teespring denies the remaining allegations of paragraph 2.

3. Teespring admits that it has received multiple communications that appear to be from Plaintiff.  Teespring denies any characterization of those communications.  The rest of paragraph 3 contains legal conclusions to which no response is required.  To the extent any response is required, Teespring denies the remaining allegations of paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required.  To the extent any response is required, Teespring admits that the Complaint purports to state claims pursuant to sections 32 and 43 of the Lanham Act.

5. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 5, and on that basis, denies them.

6. Admitted.

7. Paragraph 7 contains legal conclusions to which no response is required.  To the extent any response is required, Teespring does not contest subject matter jurisdiction or venue for this dispute.

8. Paragraph 8 contains legal conclusions to which no response is required.  To the extent any response is required, Teespring does not contest personal jurisdiction in this dispute.

9. Paragraph 9 contains legal conclusions to which no response is required.  To the extent any response is required, Teespring does not contest venue for this dispute.

10. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 10, and on that basis, denies them.

11. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 11, and on that basis, denies them.

12. Teespring admits that U.S. Registration No. 4,297,108 lists the LETTUCE TURNIP THE BEET mark in association with "Paper for wrapping and packaging"; "tote bags"; and "Wearable garments and clothing, namely, shirts." Teespring further admits that Exhibit A attached to the complaint purports to be a copy of the 4,297,108 trademark registration. Teespring denies any characterizations, interpretations or descriptions of the document to the extent that they deviate from the text or legal meaning of the document itself. Teespring is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 12, and on that basis, denies them.

13. Teespring admits that U.S. Registration No. 4,454,801 lists the LETTUCE TURNIP THE BEET mark in association with "On-line retail store services featuring clothing, accessories and art." Teespring further admits that Exhibit B attached to the complaint purports to be a copy of the 4,454,801 trademark registration. Teespring denies any characterizations, interpretations or descriptions of the document to the extent that they deviate from the text or legal meaning of the document itself. Teespring is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 13, and on that basis, denies them.

14. Teespring admits that U.S. Registration No. 5,064,226 lists that the LETTUCE TURNIP THE BEET mark and logo in association with "Tote bags"; and "Aprons; Headwear; Infant wear; Shirts for infants, babies, toddlers and children; Wearable garments and clothing, namely, shirts." Teespring further admits that Exhibit C attached to the complaint purports to be a copy of the 5,064,226 trademark registration. Teespring denies any characterizations, interpretations or descriptions of the document to the extent that they deviate from the text or legal meaning of the document itself. Teespring is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 14, and on that basis, denies them.

15. Teespring admits that U.S. Registration No. 5,064,227 lists that the LETTUCE TURNIP THE BEET mark and logo in association with "Tote bags"; and "Aprons; Headwear; Infant wear; Shirts for infants, babies, toddlers and children; Wearable garments and clothing,

1  namely, shirts." Teespring further admits that Exhibit D attached to the complaint purports to be a

2  copy of the 5,064,227 trademark registration. Teespring denies any characterizations,

3  interpretations or descriptions of the document to the extent that they deviate from the text or legal

4  meaning of the document itself.  Teespring is without knowledge or information sufficient to

5  admit or deny the remaining allegations of paragraph 15, and on that basis, denies them.

6      16.      Paragraph 16 does not contain any factual allegations to which a response is

7  required.

8      17.      Teespring is without knowledge or information sufficient to admit or deny the

9  allegations of paragraph 17, and on that basis, denies them.

10     18.      Paragraph 18 contains legal conclusions to which no response is required.  To the

11  extent any response is required, Teespring denies the allegations in paragraph 18.

12     19.      Teespring is without knowledge or information sufficient to admit or deny the

13  allegations of paragraph 19, and on that basis, denies them.

14     20.      Teespring is without knowledge or information sufficient to admit or deny the

15  allegations of paragraph 20, and on that basis, denies them.

16     21.      Teespring is without knowledge or information sufficient to admit or deny the

17  allegations of paragraph 21, and on that basis, denies them.

18     22.      Teespring is without knowledge or information sufficient to admit or deny the

19  allegations of paragraph 22, and on that basis, denies them.

20     23.      Teespring is without knowledge or information sufficient to admit or deny the

21  allegations of paragraph 23, and on that basis, denies them.

22     24.      Teespring is without knowledge or information sufficient to admit or deny the

23  allegations of paragraph 24, and on that basis, denies them.

24     25.      Teespring is without knowledge or information sufficient to admit or deny the

25  allegations of paragraph 25, and on that basis, denies them.

26     26.      Teespring is without knowledge or information sufficient to admit or deny the

27  allegations of paragraph 26, and on that basis, denies them.

28

27. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 27, and on that basis, denies them.

28. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 28, and on that basis, denies them.

29. Paragraph 29 contains legal conclusions to which no response is required. Teespring is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 29, and on that basis, denies them.

30. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 30, and on that basis, denies them.

31. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 31, and on that basis, denies them.

32. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 32, and on that basis, denies them.

33. Paragraph 33 contains legal conclusions to which no response is required. The final sentence of paragraph 33 purports to characterize the contents of a document. Teespring denies any characterization of that document. Teespring is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 33, and on that basis, denies them.

34. Teespring admits that provides a platform to "create and upload designs and then start a campaign to sell the goods on Teespring's website." Teespring denies the remaining allegations of paragraph 34.

35. Teespring denies the allegations of paragraph 35

36. Teespring denies the allegations of paragraph 36

37. Teespring admits that it provides an "IP Claim" form on its website. Teespring denies the remaining allegations of paragraph 37.

38. Teespring admits that it has received multiple communications that appear to be from Plaintiff. Teespring denies the remaining allegations of paragraph 38.

39. Paragraph 39 contains legal conclusions to which no response is required. Paragraph 39 purports to characterize the contents of documents attached as Exhibits E and F to the Complaint. Teespring denies any characterizations, interpretations or descriptions of those document to the extent that they deviate from the text of the documents themselves. Teespring denies the remaining allegations of paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent any response is required, Teespring denies the allegations of paragraph 40.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent any response is required, Teespring denies the allegations of paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent any response is required, Teespring denies the allegations of paragraph 42.

**FIRST CLAIM FOR RELIEF**

43. Teespring incorporates each of the preceding paragraphs as if fully set forth herein.

44. Teespring denies the allegations of paragraph 44.

45. Teespring denies the allegations of paragraph 45.

46. Teespring denies the allegations of paragraph 46.

47. Teespring denies the allegations of paragraph 47.

48. Teespring denies the allegations of paragraph 48.

49. Teespring denies the allegations of paragraph 49.

50. Teespring denies the allegations of paragraph 50.

51. Teespring denies the allegations of paragraph 51.

**SECOND CLAIM FOR RELIEF**

52. Teespring incorporates each of the preceding paragraphs as if fully set forth herein.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent any response is required, Teespring denies the allegations of paragraph 53.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent any response is required, Teespring is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 54, and on that basis, denies them.

55. Teespring denies the allegations of paragraph 55.

56. Teespring denies the allegations of paragraph 56.

57. Teespring denies the allegations of paragraph 57.

58. Teespring denies the allegations of paragraph 58.

59. Teespring denies the allegations of paragraph 59.

### THIRD CLAIM FOR RELIEF

60. Teespring incorporates each of the preceding paragraphs as if fully set forth herein.

61. Teespring is without knowledge or information sufficient to admit or deny the allegations of paragraph 61, and on that basis, denies them.

62. Teespring denies the allegations of paragraph 62.

63. Teespring denies the allegations of paragraph 63.

64. Teespring denies the allegation of paragraph 64.

65. Teespring denies the allegation of paragraph 65.

66. Teespring denies the allegation of paragraph 66.

### FOURTH CLAIM FOR RELIEF

67. Teespring incorporates each of the preceding paragraphs as if fully set forth herein.

68. Teespring denies the allegations of paragraph 68.

69. Teespring denies the allegations of paragraph 69.

70. Teespring denies the allegations of paragraph 70.

### PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Teespring denies that Plaintiff is entitled to any relief. Teespring respectfully requests that the Court:

a. Deny all forms of relief requested in Plaintiff's Prayer for Relief;

b. Award Teespring its costs and attorney fees; and

c. Award such other and further relief as the Court deems just and proper.

### ADDITIONAL DEFENSES

Without assuming any burdens that it would not otherwise bear, Teespring asserts the following additional defenses. These Defenses incorporate by reference the foregoing answers

1  and the allegations form the Complaint as if set forth fully herein.

**First Defense**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff's asserted trademarks are unenforceable or invalid.

**Third Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of laches, waiver, equitable estoppel, unclean hands and/or other applicable equitable defenses.

**Fourth Defense**

Neither Teespring nor its users have infringed, contributed to the infringement, or induced infringement of any trademark owned by Plaintiff.

**Fifth Defense**

Plaintiff has not suffered damage based on any action by Teespring or its users.

**Sixth Defense**

Plaintiff will not suffer irreparable harm from the denial of the relief they seek.

**Seventh Defense**

As a third-party printer, in the event of a finding of any liability, Teespring would be responsible only for damages directly traceable to its actions and not jointly and severally liable for any actual damages.

**Eighth Defense**

Teespring hereby reserves the right to rely upon any additional defenses that may be revealed or discovered during the pendency of this case.

Dated: March 6, 2018                                Respectfully submitted,

                                                    /s/ Rachel M. Walsh
                                                    RACHEL M. WALSH (SBN 250568)
                                                    *rwalsh@goodwinlaw.com*
                                                    **GOODWIN PROCTER LLP**
                                                    Three Embarcadero Center
                                                    San Francisco, California 94111
                                                    Telephone:  (415) 733-6000
                                                    Facsimile:   (415) 677-9041


                                                    *Attorney for Defendant Teespring, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 6, 2018 to all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile, and/or overnight delivery.

/s/ Rachel Walsh
Rachel Walsh

ACTIVE/94376375.4